UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANNE MARIE PACHETTI

                      Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**18-CV-00563-LGF
(consent)**

APPEARANCES:             LAW OFFICES OF KENNETH R. HILLER
                               Attorneys for Plaintiff
                               AMY CHAMBERS, of Counsel
                               6000 Bailey Avenue
                               Suite 1A
                               Amherst, New York 14226

                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               MEGHAN J. McEVOY
                               Assistant United States Attorney, of Counsel
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York 14202, and

                               ANGELA GAIL THORNTON-MILLARD
                               DENNIS J. CANNING
                               Social Security Administration
                               Office of the General Counsel
                               601 E. 12th Street
                               Room 965
                               Kansas City, MO 64106, and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

SERGEI ADEN
Special Assistant United States Attorney
United States Social Security Administration
Office of the General Counsel, of Counsel
26 Federal Plaza
Room 3904
New York, New York 10278

## JURISDICTION

On July 9, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order. (Dkt. No. 20). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on February 8, 2019, by Plaintiff (Dkt. No. 14), and on April 8, 2019, by Defendant (Dkt. No. 17).

## BACKGROUND and FACTS

Plaintiff Anne Marie Pachetti ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for Social Security Disability Insurance ("SSDI") under Title II of the Act and Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff, born on November 13,

1980 (R. 21),[2] alleges that she became disabled on April 14, 2004,[3] when she stopped working as a result of schizophrenia and bipolar disorder. (R. 279).

Plaintiff's application for disability benefits was initially denied by Defendant on December 15, 2011 (R. 76-83), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Timothy M. McGuan ("Judge McGuan" or "the ALJ") on March 14, 2013, in Buffalo, New York, at which Plaintiff, represented by Ms. Silvas, Esq. ("Silvas") appeared and testified. (R. 29-53). Vocational expert David Cypher ("the VE"), appeared via teleconference and testified. (R. 47-53). The ALJ's decision denying Plaintiff's claim was rendered on April 9, 2013 ("First Decision") (R. 14-23). A Stipulation for Remand from the ALJ's first decision resulted in an Appeals Council Order for Remand ("Appeals Council Order"), on January 12, 2016. (R. 1391-95). Upon receiving and reviewing additional evidence relative to the Appeals Council Order, a second hearing was held on December 18, 2017, where Plaintiff and VE Rachel Duchon ("VE Duchon"), appeared and testified. (R. 1348-90). Plaintiff was represented by Kelly Laga-Sciandra, Esq. ("Laga-Sciandra"), during Plaintiff's second administrative hearing. The ALJ issued a second unfavorable decision on February 28, 2018. (R. 1037-53). This action followed on May 17, 2018, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On February 8, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 14-1) ("Plaintiff's

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed on August 27, 2018. (Dkt. No. 6).
[3] Plaintiff amended her onset date of disability to January 1, 2009, during Plaintiff's second administrative hearing on December 18, 2017.

3

Memorandum"). Defendant filed, on April 8, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 17-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on April 29, 2019, Plaintiff's Response to the Defendant's Motion. (Dkt. No. 18). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A.     **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the

4

claimant and others), and . . . educational background, age and work experience."
*Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).  If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight.  *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).  The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant

---

[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.  In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In the instant case, the ALJ determined Plaintiff did not engage in substantial gainful activity since Plaintiff's amended onset date of January 1, 2009 (R. 1040), has the severe impairments of depression, moderate bipolar disorder, anxiety disorder, panic disorder without agoraphobia and social phobia (R. 1041), Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of any impairment in the Listings in Appendix 1, Plaintiff's statements regarding the intensity, persistence and limiting effects of symptoms related to her impairments were not entirely credible (R. 1045), and Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with occasional exposure to respiratory irritants, interaction with the general public, and was capable of performing simple unskilled work  (R. 1044).  The ALJ further concluded that Plaintiff is unable of performing her past relevant work (R. 1050), but is capable of performing the jobs of factory helper and assembler, and, as such, is not disabled as defined under the Act. (R. 1052).

Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis, but argues that at step four, the ALJ's residual

functional capacity assessment of Plaintiff is without support of substantial evidence as the ALJ violated the treating physician rule by improperly evaluating the opinion of Mary Kelly, M.D. ("Dr. Kelly"), the consultative opinion of Renee Baskin, M.D. ("Dr. Baskin"), and cherry-picked portions of the findings of Nurse Practitioner Jenny Bagen ("N.P. Bagen"). Plaintiff's Memorandum at 17-30.

**B. Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff was capable of performing simple unskilled work at all exertional levels with limited exposure to respiratory irritants, and interaction with the general public. (R. 1044).

Plaintiff alleges that the ALJ afforded improper weight to Dr. Kelly's mental residual functional capacity assessment finding that Plaintiff's anxiety would result in Plaintiff missing more than four days of work each month (R. 940), and failed to provide good reasons for rejecting such finding. Plaintiff's Memorandum at 18-24. Defendant maintains that the ALJ afforded proper weight to Dr. Kelly's opinion as such opinion was inconsistent with Dr. Kelly's examination findings and Plaintiff's activities of daily living. Defendant's Memorandum at 10-12. Substantial evidence supports the ALJ's determination to afford little weight to Dr. Kelly's findings.

In particular, on March 14, 2012, Dr. Kelly noted that Plaintiff reported nausea from her pregnancy, exhibited no acute distress, organized thought content and processes, and was pleasant, alert and oriented with good insight and judgment. (R. 604-05). On May 23, 2012, Dr. Kelly noted that Plaintiff's pregnancy was considered high-risk, and evaluated Plaintiff as pleasant, alert and oriented. (R. 608). Jennifer Rojek, M.D. ("Dr. Rojek"), Plaintiff's obstetrician, provided obstetric treatment to Plaintiff on a weekly basis from February 12, 2012 to June 26, 2012, and noted that Plaintiff reported anxiety while weaning off her Ativan medication on February 12, 2012, and reported improved mental health symptoms. (R. 633-35). Such findings are inconsistent with Dr. Kelly's opinion that Plaintiff would miss work more than four days each month. The ALJ's determination to afford less weight to Dr. Kelly's opinion is thus supported by substantial evidence. Plaintiff's motion on this issue is therefore DENIED.

Plaintiff further alleges that the ALJ erred in discounting Dr. Baskin's opinion that Plaintiff had moderate limitations maintaining concentration, attention, and a regular schedule, and a marked limitation relating to others and dealing with stress, as the ALJ improperly relied on Plaintiff's activities of daily living and erred in determining that Dr. Baskin's opinion was inconsistent with the findings of Dr. Kelly and N.P. Bagen. Plaintiff's Memorandum at 17-24. Defendant maintains that the ALJ properly afforded no weight to Dr. Baskin's opinion that Plaintiff had a marked limitation interacting with others as such opinion was inconsistent with Dr. Baskin's own examination findings and Plaintiff's activities of daily living. Defendant's Memorandum at 12-13. Plaintiff's motion on this issue is without merit. In particular, the ALJ found Dr. Baskin's opinion inconsistent with Dr. Baskin's mental status findings of Plaintiff. (R. 1050). Dr. Baskin opined that Plaintiff's manner of relating, social skills and overall presentation were adequate, Plaintiff was well-groomed, with appropriate eye contact, adequate expressive and receptive speech, coherent and goal-directed thought processes, Plaintiff was polite and easily engaged despite being tearful during the examination, exhibited mildly impaired concentration and attention and recent and remote memory skills as a result of nervousness during the evaluation, had average intellectual functioning, and was capable of performing all activities of daily living. (R. 589-90). The ALJ's determination that Dr. Baskin's opinion that Plaintiff had a marked limitation relating adequately with others and dealing with stress thus was inconsistent with Dr. Baskin's mental status evaluation completed the same day such that the ALJ's rejection of Dr. Baskin's opinion is supported by substantial evidence. As necessary, the ALJ also provided a valid reason for the ALJ's determination to afford less weight to Dr.

Baskin's opinion. (R. 1049-50).  *See Legg v.* Colvin, 574 Fed. App'x. 48, 49 (2d Cir. 2014) (no error where ALJ affords less weight to inconsistent physician opinion) citing Snell *v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (Act requires ALJs give valid reasons for affording less weight to physician opinions)).  Plaintiff's motion on this issue is therefore DENIED.

Plaintiff's contention that the ALJ improperly afforded less weight to N.P. Bagen's opinion that Plaintiff was very limited in her ability to interact appropriately with others, maintain concentration and socially acceptable behavior without exhibiting extremes, and function in a work setting at a consistent pace, Plaintiff's Memorandum at 26, is also without merit.  On April 27, 2017, N.P. Bagen noted that Plaintiff reported doing very well, going out with her children more frequently after losing excess weight, and feeling less apprehensive about leaving the house.  (R. 1111).  On June 30, 2017, N.P. noted that Plaintiff reported nervousness about moving, complying with her medication with no side effects, and getting out more frequently as she had greater access to a car, and evaluated Plaintiff with improved social phobia, appropriate and bright mood, logical, linear, and goal directed thought processes.  (R. 1097-98).  On August 4, 2017, Plaintiff visited N.P. Bagen for medication management and reported feeling anxious from the financial consequences of moving.  N.P. Bagen increased Plaintiff's Zyprexax (anxiety) medication, and noted that Plaintiff exhibited appropriate and bright affect, normal speech, logical, linear and goal directed thought processes and no delusions.  (R. 1091-93).  On September 8, 2017, Plaintiff reported that she missed her twins now that they were in school every day, that she experienced no medication side effects, was happy in her new apartment and had time to herself during the day.  N.P. Bagen noted that

Plaintiff's affect was appropriate and bright, and that her concentration, insight and judgment were good, with intact short-and-long term memory. (R. 1085-90). On October 10, 2017 (R. 1079-82) and November 10, 2017 (R. 1074-76), N.P. Bagen provided medication management to Plaintiff and evaluated Plaintiff as oriented to person, place, and time, normal speech, logical, linear and goal directed thought processes, no delusions, good concentration, insight and judgment, short- and long-term memory, and no evidence of suicidal or homicidal ideation. The ALJ's determination N.P. Bagen's finding that Plaintiff had very limited ability to interact with others, maintain concentration and socially acceptable behavior toward others, inconsistent with N.P. Bagen's monthly examinations of Plaintiff, is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 14) is DENIED; Defendant's motion (Doc. No. 17) is GRANTED. The Clerk of Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 17, 2019
             Buffalo, New York